IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02534-KLM-KMT

TAWNYA GOETZ,
KATHLEEN CLARK,
KATHERINE FISHER,
MONICA FISHER,
TESSIE KING,
APRIL POPE,
HEATHER POWERS,
DEBORAH WAY, and
TAMI YELVINGTON,

    Plaintiff,

v.

ARISTIDE ZAVARAS, and
LARRY REID,

    Defendants.

_____

**ORDER ON MOTION TO DISMISS**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants Aristedes Zavaras' and Larry Reid's Motion to Dismiss** [Docket No. 106; Filed November 23, 2009].[1] I have reviewed the Second Amended Complaint [#91], the Motion, Plaintiffs' Response to the Motion [#126], Defendants' Reply in Support of the Motion [#133], the entire case file and the relevant law. For the reasons stated below, the Motion is **granted**.

I.    Background

---

[1] The others Defendants originally named in the Complaint were dismissed by the Court on September 1, 2009. [# 94].

1

This is an action brought pursuant to 42 U.S.C. § 1983 by inmates in the custody of the Colorado Department of Corrections ("CDOC") at the La Vista Correctional Facility ("La Vista"). *Second Amended Complaint* [#91] at ¶¶ 2, 6-13. At the time of the filling of this case, Defendant Zavaras was the Executive Director of CDOC. *Id.* ¶ at 14. Defendant Reid was the Warden at La Vista. *Id.* at ¶ 15.

Plaintiffs allege that they were employed at La Vista and that employment was required of all inmates. *Id.* at ¶ 30. Plaintiffs allege that they were terminated from employment by either a correctional officer or a case manager at the facility. *Id.* at ¶ 31. The Second Amended Complaint also alleges that Plaintiffs were placed under "restricted privileges" after being terminated from their employment. *Id.* at ¶ 32. Plaintiffs claim that they did not receive a "Notice of Hearing" prior to being placed under restricted privileges. *Id.* at ¶ 33. Finally, Plaintiffs assert that they were not afforded a hearing allowing them to question witnesses. *Id.* at ¶ 34.

Plaintiffs bring three claims alleging that Defendants violated their constitutional rights under the First and Fourteenth Amendments. Plaintiffs assert that Defendants violated their First Amendment rights by denying them access to the media. Plaintiffs also assert that they were denied substantive and procedural due process prior to being terminated from employment and given restricted privileges status, and denied equal protection of the law.

Defendants assert that Plaintiffs' § 1983 claims should be dismissed for failing to allege Defendants' personal participation in the conduct alleged in the Second Amended Complaint. Defendants also contend that Plaintiffs have failed to exhaust their administrative remedies and Plaintiffs have not alleged sufficient facts indicating that they

were denied equal protection. Finally, Defendants assert that Plaintiffs have not alleged a liberty interest subject to due process requirements.

II. Analysis

   A. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint

3

must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility' of entitlement to relief." *Iqbal*,129 S. Ct. at 1949 (citation omitted).

        B.      Failure to State a Claim

To state a claim pursuant 42 U.S.C. § 1983, a plaintiff must allege a violation of her rights secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1305 n. 27 (10th Cir. 2008) (citations and quotations omitted). Defendants assert that Plaintiffs have not sufficiently alleged that they personally participated in the allegedly constitutional violations. Personal participation is an essential allegation in a civil rights action. *Bennet v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). "Because vicarious liability is inapplicable to ... §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948. To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). An affirmative link must exist between the alleged constitutional violation and each defendant's participation, control or direction, or

4

failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Plaintiff's Second Amended Complaint asserts that Defendants Zavaras and Reid are responsible for the decisions denying Plaintiffs access to the media, terminating their from employment at La Vista, and placing them on restricted privileges status. Plaintiffs allege that Defendants were deliberately indifferent to their constitutional rights by "failing to properly institute policies, practices, customs, and procedures, and to hire, train and supervise their employees." *Second Amended Complaint* [#91] at ¶ 43. Plaintiffs also allege that Defendants "could have and should have pursued reasonable methods for the hiring, training, and supervision of such employees, but failed to do so." *Id.* at ¶ 44. Therefore, Plaintiffs assert that Defendants' actions or inactions were a proximate cause of the violations of their constitutional rights. *Id.* at ¶¶ 45, 46-52.

A defendant may not be held liable under § 1983 merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Instead, supervisory liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).[2] The §1983 statute "does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (citing *Jenkins v. Wood*, 81 F.3d

---

[2] A recent Tenth Circuit case, *Arocho v. Nafziger*, No. 09-1095, 2010 WL 681679 (10th Cir. Mar. 1, 2010), noted that because of recent Supreme Court jurisprudence, a § 1983 claim based on supervisory liability "may no longer be tenable." *Id.* at *3 n. 4.

988, 994-95 (10th Cir. 1996)). "To state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff has not adequately alleged "an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks and citations omitted). In fact, Plaintiffs' theory regarding the Defendants' actions relies on the alleged fact that there were not any CDOC policies in effect to direct employees how to proceed in disciplinary proceedings. Plaintiffs nowhere state that Defendants had a role in the harm alleged by Plaintiffs. They do not even allege that Defendants were aware of the conduct of their employees, which is at issue in this case.

General allegations not linked to the actions at issue are not a valid basis for liability. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 129 S. Ct. at 1949. Holding that a supervisor can nevertheless be held liable for the alleged failures of his staff when he had no personal involvement in the conduct that caused the alleged injury, would be equivalent to holding that supervisor vicariously liable for the actions of his agents. "A public officer or agent is not responsible for the misfeasances or . . . wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants of other persons properly employed by or under him, in the discharge of his official duties." *Id.* at 1948 (citation omitted).

Plaintiffs rely on a prior case, *Dodge v. Shoemaker*, No.08-cv-00738-CBS-KLM,

6

2010 WL 924249 (D. Colo. Mar. 11, 2010) in support of their position. In that case, Plaintiff challenged a CDOC policy and named as defendants Zavaras and the Warden of La Vista. Thus, Plaintiffs assert, Defendants were aware that inmates had challenged the prison's administrative detention policies in the past. Plaintiffs' reliance on this case is misguided. First, the *Dodge* case did not concern La Vista's employment practices and the restrictive privileges at issue here. Second, the fact that inmates challenged prison conditions in a separate lawsuit does not compel liability here. Moreover, in *Dodge* the court *dismissed* the claims against Zavaras and the Warden for lack of personal participation. *Id.* at *14. The court stated that:

> Plaintiff has not alleged that [supervisory officials] knew of or participated in the original decision to place her in administrative segregation. At best, [Plaintiff] presumes that [supervisory officials] should have been aware of a substantial risk that subordinate employees would exploit their authority to retaliate against prisoners who protest misconduct. However, "[i]t is not enough to establish that the official should have known of the risk of harm."

*Id.* (citations omitted).

As in the *Dodge* case, the basis for the Defendants' alleged liability here is based on the presumption that Defendants knew of the conduct of their employees. Plaintiffs have failed to allege the personal participation requirement of a §1983 claim. Therefore, the Second Amended Complaint fails to state a claim and is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).[3]

III.    Conclusion

Based on the foregoing,

---

[3] Because I have determined that Plaintiffs' claim under §1983 is not viable based on lack of personal participation by Defendants in the alleged constitutional violations, I will not address the remaining arguments for dismissal raised by Defendants.

IT IS HEREBY **ORDERED** that Defendants' Motion [# 106] is **GRANTED** and that the claims against Defendants are **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Dated: June 8, 2010

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge